## Horn's Estate

*Lloyd O. Hart*, for accountant.

*George T. Walker, Jr.*, for Commonwealth.

CRUMRINE, P. J., April 16, 1940.—The Department of Public Assistance of the Commonwealth of Pennsylvania has filed an exception to the credit for $306.67 paid to the accountant "for nursing decedent", on account of her bill for $750.

The account shows no balance for distribution. Exceptant appears as a creditor claiming the sum of $1,200 paid to decedent as old-age assistance, and says (1) that the right of the accountant to this compensation has not been established, and (2) that even if it were found to be a proper claim it has no preference over that of the Commonwealth.

The Commonwealth has established its claim under the Old Age Assistance Law of June 25, 1936, P. L. 28, sec. 15, and its right to recover here under it and The Support Law of June 24, 1937, P. L. 2045. It is therefore a party in interest with the right to except to this account.

Decedent owned a house in the village of Laboratory and Daisy Sanders, now Mrs. Mahanna, with her father and mother, had lived with her for many years. There are few details in the testimony as to just how the family lived, but it was supported, at least in part, by Mr. Sanders.

Decedent was a very large woman, weighing upwards of 300 pounds, and had been in poor health for a long time. Daisy Sanders took care of her, rendering the usual services, which were particularly arduous in the summer time.

There was no formal contract of employment, but decedent asked Miss Sanders to remain there, and to postpone a contemplated marriage, promising that she should be paid after her, Margaret A. Horn's, death. She did postpone her marriage and cared for decedent to the time of her death.

There is testimony from the doctor who attended Miss Horn that the services rendered, exclusive of her board and lodging, were worth $1 per day.

Had it not been for the request and promise to postpone her marriage, after claimant came of marriageable age, I should refuse the claim, for the reason that the prior relations of the parties would negative an intention on the part of either that the services were to be paid for. But a promise to refrain from marriage until after the

death of decedent constituted a valuable consideration, and resulted in an effective contract. See Harriman on Contracts, secs. 92 and 93.

Considering the character of the services performed, $1 per day would seem to be a reasonable charge, and I find that the claim, at least to the extent of the credit taken, is proper.

A preference is claimed for it as "servant's wages" for one year. I think it should rank only as a general claim. She was not employed as a servant, she was a member of the family. The claim is being allowed on the ground that there was an express contract based on a consideration of postponement of claimant's marriage, and is clearly outside the intention of the act referring to servant's wages.

But counsel for claimant contends that even though regarded as a general claim it still has priority over that of the Commonwealth, since the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 13 (*a*), provides that "debts due to the Commonwealth . . . shall be last paid."

On this question, counsel for the Commonwealth contends that this provision of the Fiduciaries Act was repealed by implication by the Old Age Assistance Act, supra, which provides in section 15:

"Section 15. Liability of Beneficiary and Estates. — The real and personal property of any beneficiary shall be liable for the repayment of assistance received under this act, or the act repealed by this act, whether such property was owned at the time such assistance was granted or acquired thereafter. Claims for assistance furnished shall have the same force and effect against the real and personal property of a deceased beneficiary, as other debts of a decedent, and shall be recoverable in the same manner. One-half of the net amount recovered from any beneficiary or from his or her estate by the Commonwealth or any political subdivision shall be promptly paid to the United States, and the remainder shall be paid into the State Treasury and shall be credited to the current appropriation for old age assistance."

So far as I know, this question has not been decided by the appellate courts, but there are some lower court decisions.

In Mathe's Estate, 34 D. & C. 647, Judge Mitchell of Allegheny County decided that the provision of the Fiduciaries Act in question was not repealed by the Act of 1936, supra, since the two are not inconsistent, and in Siple's Estate, 35 D. & C. 489, Judge Charles of Lancaster County reached the same conclusion. I think they are right.

As pointed out, for nearly one hundred and fifty years our laws governing the distribution of decedents' estates have provided that claims due to the Commonwealth should be last paid. This was based on the sound policy that the State should minimize as much as possible the economic disturbance resulting from a death, and thus contribute to the general welfare. In recent years this salutary conception as to the place government should assume in private affairs has largely disappeared, but the departure has not yet assumed the status of a rule for the construction of statutes.

There are no words of repeal in the Act of 1936, and the provision that "Claims for assistance furnished shall have the same force and effect against the real and personal property of a deceased beneficiary, as other debts of a decedent, and shall be recoverable in the same manner", certainly has nothing to do with creditors' respective rights of priority inter se. If such a position were tenable, why not assert that claims due the Commonwealth should rank with funeral expenses, doctors' bills, etc.? There is as much reason for that as to say that they acquire a parity with general claims.

The provision that one half the net amount recovered shall be paid to the United States does not render the Federal Government a creditor of the estate. It merely directs the Commonwealth to pay one half the *net* amount recovered, and does not affect the status of the claim here.

On the general question of repeal by implication and the presumptions against it see Ferguson's Estate, 325 Pa. 34, Metcalf's Estate, 319 Pa. 28, and P. & L. Dig. of Dec. vol. 20, col. 35216, et seq.

I find that the claim of the Commonwealth can participate only after other claims are paid and the exception is dismissed.

A decree of distribution in accordance with the foregoing is filed herewith.